UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA CAREY and KARREN MOORER, <br><br> Plaintiffs, <br><br> v. <br><br> MAURICIO TORRES, et al., <br><br> Defendants. | Case No. 24-cv-09534-TSH <br><br> **ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I. INTRODUCTION

Plaintiffs Cecilia Carey and Karren Moorer initiated this lawsuit by filing a complaint (ECF No. 1) and applications to proceed in forma pauperis (ECF Nos. 2, 3). For the reasons stated below, the Court **GRANTS** the applications but finds the complaint deficient under 28 U.S.C. § 1915(e). No later than February 24, 2025, Plaintiffs must file a first amended complaint curing the deficiencies identified in this screening order. If Plaintiffs fail to cure these deficiencies, the case will be reassigned to a district judge with a recommendation for dismissal.

## II. BACKGROUND

Plaintiffs bring this case against Defendants Mauricio Torres, Jessica Marr (Ardell-Smith), Community Loans & Investments, and California Superior Court of Alameda County. Compl., ECF No. 1 at 4.[1] In the Basis for Jurisdiction section, they checked Federal question and listed the following federal statutes as being at issue: "Pursuant to 28 U.S.C. §§ 1331 and 1343 - 42 U.S.C.

---

[1] As Plaintiffs' complaint consists of several documents with different page numbers, citations herein refer to the page numbers generated by the ECF system.

§ 1983, 18 U.S.C. § 1341 and 18 U.S.C. § 242, 18 U.S.C. § 24." *Id.* at 5.

Plaintiffs' claims relate to ongoing property issues at 3414 64th Avenue Place in Oakland, California.[2] *Id.* at 6. They allege:

> On Friday November 8, 2024, Jessica Marr of Community Realty Investments used an unlawful detainer issued by the Alameda County Superior Court for 3414 64th Avenue Place Unit B to restrict tenant access to private property located in a public storage room. The Oakland Police Department was onsite servicing a trespassing call and serving Lionel Tanner with a Civil Harassment Temporary Restraining Order for Community Realty Investment or Jessica Marr also issued by Alameda County Superior Court. They (OPD and Jessica Marr) were both notified that the private tenant property in the public tenant storage room included my legal case filings, documentation and notes related to the current unlawful detainer and civil harassment complaints and that the "garage" was a storage room expressly for tenant use. The Oakland Police Department gave Jessica Marr permission to seal and lock the storage room. I have not been able to retrieve the documents needed for my defense.
>
> Each retaliatory legal filing - Mauricio Torres, Community Loans & Investments, Jessica Marr and Alameda County Superior Courts: The intentional infliction of malicious retaliatory behavior beginning with 3-Day Notice of September 6, 2023 and everyday to moving forward that Defendants do not comply with federal, state and local tenant protection ordinances. Unlawful Detainer Complaint 24CV071391, Unlawful Detainer Complaint 24CV088543, Petition for Civil Harassment Restraining Order 24CV091199, various noticing or lack of, et al.
>
> On Bench Abuse of Authority in Performance of Judicial Duties
> Judge Chad Stegeman abused his authority when he disregarded the notice from the Ninth Circuit Court of Appeals regarding the status of Docket Case# 24-7530 in State case #24CV088543 ordering the case be heard in Alameda County Superior Court.

*Id.* at 7. Plaintiffs allege Defendants' actions have caused "irreparable harm . . . by the threats of wrongful eviction, threat of loss of housing, damage to reputation and sense of trust and fairness lost in our civil justice systems." *Id.* at 8. Plaintiffs request the Court:

> Issue an Emergency Injunction to stay all proceedings in Alameda County Superior Court related to the matters outlined herein, including but not limited to unlawful detainer actions, civil harassment restraining orders, and any other related matters.
>
> Initiate a thorough and independent investigation into the allegations of misconduct and potential civil rights violations by Alameda

---

[2] Plaintiff Cecilia Carey has a related case alleging similar allegations that is also pending in this District. *See Carey v. Torres*, 3:24-cv-07354-TSH.

2

       County Superior Court officials.

       Further harassing or intimidating me: This includes any attempts to evict me without just cause, interfering with my peaceful enjoyment of the premises, or engaging in any other retaliatory or discriminatory conduct.

       Interfering with my lawful possession of the property: This includes preventing any further attempts to lock me out, remove my belongings, or otherwise disrupt my lawful occupancy.

       Violating my constitutional rights: This includes current surveillance [sic] activities and ensuring that all future proceedings are conducted fairly and impartially, with due process and equal protection of the law.

*Id.* at 9.  Plaintiffs also seek $80,000 in actual damages and $80,000 in punitive damages.  *Id.*

In addition to their complaint, Plaintiffs filed a "Request for Emegency [sic] Injunction and Investigation into California Superior Court Alameda County." *Id.* at 11-25.  They request the Court prevent the Alameda County Superior Court from hearing certain matters currently scheduled in related proceedings pending there, arguing they violate their Fourteenth Amendment Due Process and Equal Protection rights.  *Id.* at 11-12.

### III. IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiffs submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees.  Accordingly, the Court **GRANTS** the applications to proceed in forma pauperis.

### IV. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.  Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

3

12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.     Application**

    1.     **Rule 8**

As a preliminary matter, Plaintiffs' complaint does not comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

To comply with Rule 8, Carey and Moorer must each plead their claims separately, identifying the transaction or occurrence giving rise to the claim. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("Moreover, each plaintiff's claim being founded upon a separate transaction or occurrence, it is properly stated in a separate count because a separation facilitates the clear presentation of the matters set forth.") (cleaned up). Here, while Plaintiffs Carey and Moorer are both named in the complaint's caption, the body of the complaint lists Carey as the only plaintiff. ECF No. 1 at 3. Further, Plaintiffs do not use their names for any of the allegations in the complaint, instead using only singular pronouns. *See, e.g.*, *id.* at 7 ("I have not been able to retrieve the documents needed for my defense."); *id.* at 8 ("I could not continue with continuing education certification classes."); *id.* at 9 ("Further harassing or intimidating

4

me."). Plaintiffs also do not state their claims in separate counts for each Plaintiff, making it difficult for a putative defendant to know whom they're responding to, let alone how to respond. *See Bautista*, 216 F.3d at 840. Thus, Plaintiffs must amend the complaint to allege separately for each of them: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including dates, the names of people involved, and what those people did to you; and (3) how you were harmed.

2. **Immunity**

Plaintiffs name Alameda County Superior Court as a defendant. Compl. at 4. However, it is well-established that under the Eleventh Amendment, "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The Superior Court is an arm of the state and is therefore protected by Eleventh Amendment immunity. *See Munoz v. Superior Court of Los Angeles Cnty.*, 91 F.4th 977, 980 (2024). As such, any claims brought against the Alameda County Superior Court must be dismissed.

Although not named as a defendant, Plaintiffs also appear to bring claims against Judge Chad Stegeman, alleging he "abused his authority when he disregarded the notice from the Ninth Circuit Court of Appeals regarding the status of Docket Case# 24-7530 in State case #24CV088543 ordering the case be heard in Alameda County Superior Court." ECF No. 1 at 7. However, Judge Stegeman "also has Eleventh Amendment immunity as a state judge." *Munoz*, 91 F.4th at 980. While there are certain exceptions to Eleventh Amendment immunity, such as that a plaintiff may seek prospective injunctive relief to remedy violations of federal law under the *Ex Parte Young* doctrine, *see Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), these are not applicable to judges as they "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Munoz*, 91 F.4th at 980. Thus, "any errors made by state-court judges can be remedied through some form of appeal." *Id.* (citation and internal quotations omitted). Thus, to the extent Plaintiffs seek to bring claims against any judges in their judicial capacity, such claims must be dismissed.

3.     **Fourteenth Amendment**

Plaintiffs allege claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses. To the extent Plaintiffs bring these claims against the Alameda County Superior Court in its judges, as discussed above, these claims must be dismissed. As to the remaining defendants, there is a threshold problem with Plaintiffs' constitutional claims; namely, they assert these claims against private actors— i.e., persons who are not government or state actors. "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); *see also* 42 U.S.C. § 1983. The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuym, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

State action exists "only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotations omitted). Courts may find state action when the challenged activity "results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." *Id.* (cleaned up). Here, Plaintiffs' allegations do not indicate that Defendants' alleged conduct resulted from the State's exercise of coercive power or that the State encouraged them in their alleged conduct to the point that Defendants' conduct could be attributed to the State. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The Court finds Defendants' alleged conduct therefore does not constitute "state action" for the purposes of the Fourteenth Amendment.

Accordingly, Plaintiffs fail to state a claim for violation of the Fourteenth Amendment, and their Fourteenth Amendment claims must be dismissed.

4.     **Unlawful Detainer**

Throughout their complaint, Plaintiffs reference unlawful detainer cases decided against them in state court. As Plaintiffs do not state separate causes of action, it is unclear if they seek to bring claims related to the unlawful detainer actions. However, to the extent they do, any such

claims must be dismissed.

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). To the extent Plaintiffs seek to challenge any unlawful detainer decision, the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which bars federal district courts from hearing appeals or de facto appeals from state-court judgments. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Any request to set aside a state court judgment is an attempt to appeal that judgment. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (an action is a de facto appeal when the claimed legal injuries "arise from the state court's purportedly erroneous judgment."). That Plaintiffs may seek to bring additional claims for relief based on federal constitutional theories makes no difference. *See Feldman*, 460 U.S. at 486; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (District courts lack jurisdiction over claims "'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling.") (citing *Feldman*, 460 U.S. at 483, 485). The *Rooker-Feldman* doctrine applies to final state court orders and judgments as well as interlocutory orders and non-final judgments issued by a state court. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Accordingly, the Court is unable to review these state court decisions, and any such claims must be dismissed.

5. **Criminal Statutes**

Finally, Plaintiffs allege the Court has jurisdiction over their claims pursuant to 18 U.S.C. §§ 23, 242 and 1341. However, these are criminal statutes, and it is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no basis for civil liability.");

7

*Redmond v. United States*, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (A "private individuals lack standing to assert claims for relief based on criminal statutes.") (collecting cases). Thus, "[i]ndividuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). As such, Plaintiffs lack standing to bring the claims alleged in their complaint. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private cause of action under 18 U.S.C. § 242); *Ross v. Orange Cnty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) ("[Plaintiff] ha[s] no separate private right of action for mail fraud under 18 U.S.C. § 1341."). If Plaintiffs believe the defendants engaged in criminal conduct, they must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

## V.     CONCLUSION

For the reasons above, the Court **GRANTS** the applications to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given Plaintiffs' pro se status, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiffs the opportunity to file an amended complaint. Accordingly, the Court **ORDERS** Plaintiffs to file an amended complaint by February 24, 2025.

### A.     Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must

8

include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (24-cv-09534-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law. Each plaintiff's claims must be listed separately.

**B.     Resources**

Plaintiffs may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiffs may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: January 23, 2025

THOMAS S. HIXSON
United States Magistrate Judge